NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. 18-165 (SRC) |
| v. | : | |
| | : | |
| TYHEED JEFFERSON | : | OPINION |
| | : | |
| | : | |

**CHESLER**, District Judge

Presently before the Court is the third motion for a reduction of sentence, pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), filed by Defendant Tyheed Jefferson ("Defendant" or "Jefferson") (ECF 102). The instant motion was filed by Jefferson pro se on or about October 29, 2020. Jefferson moves for relief based on the contention that he is at risk for serious illness should he contract the covid virus, pointing to his underlying medical conditions and management of the pandemic at FCI Allenwood, the facility where he is housed. The United States of America (the "Government") has opposed the instant motion. The Court has considered the papers submitted and, for the following reasons, will deny the motion.

Defendant is a 38-year old man who "has been diagnosed with cryptococcosis meningitus [sic]. . .[,] hypertension, gastro-esophageal reflux disease, high cholesterol (hyperlipidemia), sleep apneas, obesity, an ulcer that is not healing on his ankle and is on immunosuppressants to avoid organ rejection for his kidney transplant." (Def. Mot. at 1.) According to Defendant, these ailments, when considered alongside "the inability to follow social distancing guidelines in prison," constitute an "extraordinary and compelling" basis for the relief he seeks. (Id.) Defendant further raises the specter of the Delta variant as a source of increased risk to his health. (Id.) While

Defendant acknowledges that the Bureau of Prisons has been vaccinating inmates at his facility, he contends that he is still vulnerable to the coronavirus and highlights that a fellow inmate in his unit at FCI Allenwood has contracted the virus "again." (*Id.*)

Defendant's arguments largely repeat those that he has made on two prior occasions.[1] Of the ailments about which Defendant complains, only the existence of "an ulcer that is not healing on his ankle" is new. The Court has considered on multiple occasions the confluence of Defendant's ailments and the risk to him posed by coronavirus. The existence of the ulcer does not suffice to alter the Court's conclusion that Defendant's circumstances are neither extraordinary nor compelling. *See*, *U.S. v. Jefferson*, 19-cr-00165 (D.N.J. Apr. 27, 2021) (ECF No. 94 at 2).

Similarly, the more recent development of the Delta variant's spread through the United States fails to change the prior results. Defendant proffers no evidence demonstrating that he is at serious risk of contracting the disease at FCI Allenwood. Furthermore, Defendant fails to establish that an infection by this newer strain of the coronavirus creates an outsized risk to his health. As

---

[1] The Court denied Jefferson's first covid-related motion for compassionate release by Opinion & Order dated September 11, 2020. Defendant had argued that because he is obese and immunocompromised, as a result of a kidney transplant, he faced an elevated risk for developing severe illness if he were to become infected with coronavirus. In its decision, the Court recognized that Jefferson's underlying health conditions place him in a high-risk category for severe covid, as defined by the Centers for Disease Control and Prevention, but nevertheless determined that relief under Section 3582(c)(1)(A) was not warranted in light of the inconsistency of his release with applicable policy statements and the lack of support found in the relevant sentencing factors of 18 U.S.C. § 3553(a). *See generally*, *U.S. v. Jefferson*, 18-cr-00165 (D.N.J. Sept. 11, 2020) (ECF No. 65).

In his second covid-related motion, Defendant argued that vaccines that were then being deployed across the country were less effective against certain strains of the virus and as such posed a risk to his health. However, Defendant failed to demonstrate that he was at risk of contracting these strains while at FCI Allenwood, nor did he establish that he was so vulnerable to these other variants as to merit the relief he requested. Accordingly, the Court concluded that Defendant again failed to demonstrate extraordinary and compelling reasons warranting his release pursuant to Section 3582(c)(1)(A), and further relied on the Court's earlier analysis applying the Section 3553(a) factors to Defendant's request. *See generally*, *U.S. v. Jefferson*, 19-cr-00165 (D.N.J. Apr. 27, 2021) (ECF No. 94). The Third Circuit affirmed the Court's decision on appeal. *See U.S. v. Jefferson*, No. 21-2020 (Nov. 12, 2021).

of November 11, 2021, 1,916 inmates—including Defendant—of the 2,838 at the facility have been fully vaccinated, and as of November 10, 2021, only a single inmate at FCI Allenwood Medium FCI has an active case of Covid-19. None of the 454 inmates which FCI Allenwood throughout the entirety of the pandemic are identified as having a Covid-19 diagnosis have died. https://www.bop.gov/coronavirus/ (last accessed November 12, 2021).[2]

Finally, the Court again emphasizes its consideration of the sentencing factors listed in 18 U.S.C. § 3553(a) in its continued denial of the relief Defendant seeks. Those factors include, among other things, "the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense [and] . . . to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A)–(B). These factors support Defendant's continued incarceration. *See U.S. v. Jefferson*, 18-cr-00165 (D.N.J. Sept. 11, 2020) (ECF No. 65 at 7–9).

For these reasons, Defendant's motion for a reduction in sentence will be denied. An appropriate Order will issue.

---

[2] In the Court's earlier decisions, it relied in part on the U.S. Sentencing Commission's policy statement concerning the "extraordinary and compelling reasons" that warrant a reduction in a defendant's sentence pursuant to 18 U.S.C. § 3582(c)(1). *See* U.S.S.G. § 1B1.13 cmt. n.1. Since those decisions, the Third Circuit endorsed an approach by which the Court may look to the policy statement as a "guide" while retaining the discretion to determine whether a prisoner's circumstances are "extraordinary and compelling" notwithstanding that they may not otherwise meet the policy statement's standards. *U.S. v. Andrews*, No. 20-2768, 2021 WL 3852617, at *4 (3d Cir. Aug. 30, 2021). For the avoidance of doubt, even while evaluating Defendant's circumstances under this broader lens as described in *Andrews*, the Court concludes that the reasons Defendant offers for the requested relief are neither extraordinary nor compelling for the reasons already stated.

                                         s/ Stanley R. Chesler  
                                        STANLEY R. CHESLER  
                                        United States District Judge

                                        Dated:  November 15, 2021