UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Action No. 18-165 (SRC) |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| TYHEED JEFFERSON, | |
| Defendant. | |

**CHESLER**, District Judge

The instant motion is Defendant's fourth attempt at seeking a reduced sentence pursuant to the First Step Act, 18 U.S.C. § 3582.[1] (ECF No. 110). Defendant moves the Court to grant his immediate release from custody, arguing his various medical ailments constitute extraordinary and compelling reasons for a reduced sentence. Defendant asserts that, on November 7, 2024, he "submitted a request to the warden of USP[] Coleman [I] to be released on compassionate release and/or home confinement," which was denied. Def. Mot. at 9-10. The Government opposes Defendant's motion. The Court has considered the papers submitted and, for the following reasons, will deny the motion.

---

[1] Although Defendant labels his application an "Amended Motion for Reduction and or Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)," the statutory provision cited throughout his submission is Section 3582(c)(1). See Def. Mot. at 1, 7-14. Moreover, Defendant's argument for release—that his continued incarceration places his health in serious jeopardy—is properly raised under Section 3582(c)(1). Therefore, the Court shall analyze the instant motion as having been brought pursuant to Section 3582(c)(1).

1

Defendant is forty-one years old and describes himself as being in "poor health," suffering from "cryptococcosis meningitis, hypertension (primary), gastro-esophageal reflux disease, high cholesterol (hyperlipidemia), obesity, [and] sleep apnea." Id. at 9. Defendant takes an antibiotic for his meningitis, pain medications, and immunosuppressants to maintain his kidney transplant. Id. According to Defendant, "the comorbidity of all of [his ailments] combined with the inability to receive his medication consistently in the prison" constitutes an "extraordinary and compelling" basis for a sentence reduction. Id. at 6.

Defendant further raises that, since filing his most recent sentence reduction motion, he "has suffered from inconsistent medical care regarding his medications [and] [continuous positive airway pressure] apparatus, and unprofessionalism by" the staff at USP Coleman I. Id. at 11. Specifically, Defendant submits that medical staff do not timely refill his prescriptions, failed to communicate to him the results of a bloodwork test, and incorrectly transported him to the emergency room instead of a doctor's appointment. Id. at 11-12. Defendant recounts that he has only been to a doctor once in his six months at the facility. Id. More broadly, Defendant asserts that USP Coleman I is "always locked down," "the distress signal button is disabled," and "[i]nmates are dying at an alarming rate here." Id. at 12. Defendant contends he "remains in danger of losing his kidney transplant" given the conditions at USP Coleman I. Id. at 13.

Defendant's arguments bear a strong resemblance to the issues raised in his three prior motions.[2] The Court has considered on three occasions the confluence of Defendant's ailments

---

[2] The Court denied Defendant's first COVID-related motion for compassionate release by an Opinion & Order dated September 11, 2020. Defendant had argued that because he is obese and immunocompromised as a result of a kidney transplant, he faced an elevated risk for developing severe illness if he were to become infected with COVID-19. In its decision, the Court recognized that Defendant's underlying health conditions place him in a high-risk category for severe infection, as defined by the Centers for Disease Control and Prevention, but nevertheless determined that relief under Section 3582(c)(1)(A) was not warranted in light of the inconsistency

and the risks to him posed by COVID-19. The difference in the instant motion is that Defendant argues the combination of his medical needs and deficient care he alleges he is receiving at USP Coleman I constitute extraordinary and compelling circumstances for his immediate release under 18 U.S.C. § 3582(c)(1)(A). However, Defendant's medical records reflect that, since arriving at USP Coleman I, he has seen a physician at least twice and received treatment for his various ailments, such as the renewal of prescribed medications and recommendations for future treatment plans. Notably, the records also establish that Defendant was a "no show" at his most recent medical appointment. Therefore, Defendant has failed to demonstrate that his conditions of incarceration at USP Coleman I pose a severe enough risk to his health to justify finding extraordinary and compelling circumstances warranting his release from custody.

Lastly, the Court must again emphasize the role of the 18 U.S.C. § 3553(a) factors in its continued denial of the relief Defendant seeks. Those factors include, among other things, "the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and "the need for the sentence

---

of his release with applicable policy statements and the lack of support found in the relevant sentencing factors of 18 U.S.C. § 3553(a). (ECF No. 65).

In his second COVID-related motion, Defendant argued that vaccines that were then being deployed across the country were less effective against certain strains of the virus and as such posed a risk to his health. However, Defendant failed to demonstrate that he was at risk of contracting these strains while at FCI Allenwood, nor did he establish that he was so vulnerable to these other variants as to merit the relief he requested. Accordingly, the Court concluded that Defendant again failed to demonstrate extraordinary and compelling reasons warranting his release pursuant to Section 3582(c)(1)(A), and further relied on the Court's earlier analysis applying the Section 3553(a) factors to Defendant's request. (ECF No. 94). The Third Circuit affirmed the Court's decision on appeal. <u>United States v. Jefferson</u>, 2021 WL 4279626 (3d Cir. Sept. 21, 2021).

In his third motion for compassionate release, Defendant argued that the emergence of the COVID-19 Delta variant and management of the pandemic at FCI Allenwood, the facility where he was formerly housed, placed him at serious risk should he contract the virus. The Court denied the motion, finding that Defendant had proffered no evidence demonstrating that he was at serious risk of contracting the disease at FCI Allenwood, and that he had failed to establish that an infection by the Delta variant posed a new, disproportionate risk to his health. (ECF Nos. 105-06).

imposed … to reflect the seriousness of the offense, to promote respect for the law, … to provide just punishment for the offense [and] … to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A)–(B). These factors support Defendant's continued incarceration. See (ECF No. 65 at 7–9).

***

Given the foregoing, **IT IS** on this 13th day of May, 2024,

**ORDERED**, that Defendant's amended motion for a reduction of sentence pursuant to 18 U.S.C. § 3582 [ECF No. 110] is **DENIED**.

s/ Stanley R. Chesler
_____
STANLEY R. CHESLER
United States District Judge