Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal Action No. 18-165 (SRC) |
| | : | |
| v. | : | **OPINION & ORDER** |
| | : | |
| TYHEED JEFFERSON. | : | |
| | : | |

**CHESLER**, District Judge

Before the Court is pro se Defendant Tyheed Jefferson's ("Defendant") fifth motion for a reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), (D.E. No. 114 ("Def.'s Mov. Br.").) The Government has opposed the motion. (D.E. No. 115 ("Gov.'s Opp. Br.").) Having considered the parties' submissions and supporting documents shielded from public access in light of the sensitive medical information they contain, the Court decides this matter without oral argument. See Fed. R. Crim. P. 43(b)(4); United States v. Styer, 573 F.3d 151, 154 (3d Cir. 2009); see also L. Civ. R. 78.1(b); L. Crim. R. 1.1. For the following reasons, the Court **DENIES** Defendant's motion.

    I.    BACKGROUND

The factual and procedural background of this case is set forth in this Court's four prior Opinions denying Defendant's requests for a reduction in sentence. (See D.E. Nos. 65, 94, 105, 113.) In brief, in November 2018, Defendant was sentenced to 210 months of imprisonment stemming from his role in gun trafficking and drug distribution. On July 27, 2020, Defendant moved for compassionate release on the basis that his medical conditions, including obesity and a

compromised immune system following a kidney transplant in 2016, placed him at risk of developing severe illness if he were to contract COVID. (D.E. No. 62.) Despite Defendant's underlying health conditions placing him in a high-risk category for severe COVID, this Court determined that the inconsistency of release with applicable policy statements, as well as the factors set forth in 18 U.S.C. § 3553(a), warranted against granting Defendant's motion. (D.E. No. 65.) On December 18, 2020, Defendant filed a second motion for release based on the same contention that he was at risk for serious illness if he were to contract COVID and further pointed to management of the pandemic at the facility where he was housed. (D.E. No. 75.) Defendant argued that vaccines that were then being deployed across the country were less effective against certain strains of the virus and as such posed a risk to his health. The Court denied Defendant's motion for the same reasons set forth in its prior Opinion and further noted that Defendant had failed to demonstrate that he was at risk of contracting certain strains of the virus and that he was so vulnerable to these other variants as to merit the relief he requested. (D.E. No. 94.) The Third Circuit affirmed the Court's decision on appeal. United States v. Jefferson, 2021 WL 4279626 (3d Cir. Sept. 21, 2021).

In his third motion for compassionate release, Defendant argued that the emergence of the COVID-19 Delta variant and management of the pandemic at FCI Allenwood, the facility where he was housed, placed him at serious risk of illness if he contracted the virus. The Court denied the motion, finding that Defendant had proffered no evidence demonstrating that he was at serious risk of contracting the virus at FCI Allenwood or that an infection by the Delta variant posed a new, disproportionate risk to his health. (D.E. Nos. 102, 105.) On March 4, 2024, Defendant filed his fourth motion for release arguing that the combination of his medical needs and alleged deficient care he was receiving while incarcerated constituted extraordinary and compelling

circumstances warranting relief. (D.E. No. 110.) The Court denied the motion and noted that because Defendant had been seen by physicians and received treatment for his various ailments, such as the renewal of prescribed medications and recommendations for future treatment plans, Defendant had failed to demonstrate that his conditions of incarceration posed a severe enough risk to his health to justify finding extraordinary and compelling circumstances warranting his release from custody. (D.E. No. 113.)

In the present motion, Defendant moves for relief based on his contention that (i) there was a "critical flaw" in the calculation of his guidelines at sentencing; (ii) he cannot receive adequate medical care while incarcerated due to a malfunctioning CPAP machine for his sleep apnea; (iii) he is immunocompromised and living in a housing unit with birds which pose an immediate threat to his health; and (iv) continuous lockdowns in 2024 through 2025 have had a severe effect on his mental health.

## II. LEGAL STANDARD

Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, Dillon v. United States, 560 U.S. 817, 825 (2010), the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exists "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the

> factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction...

18 U.S.C. § 3582(c)(1). As such, under the FSA, a defendant seeking a reduction in his term of imprisonment bears the burden of establishing that (1) he has satisfied the procedural prerequisites for judicial review, and (2) compelling and extraordinary reasons exist to justify compassionate release.

### III.  DISCUSSION

As a threshold matter, it appears Defendant has satisfied the exhaustion requirement by filing a request for compassionate release to the warden of FCI Butner on January 30, 2025, and appears to have not received a response.

Turning to the merits of Defendant's motion, Defendant first argues that he is entitled to a reduction in sentence because there was a "critical flaw" in the calculation of his guidelines at sentencing. (Def.'s Mov. Br. at 3.) Defendant received a sentence of 210 months for his involvement in the distribution of methamphetamine. Defendant argues that the calculation of his base offense level "rested on the presumption that the meth was 'actual meth' under the federal guidelines instead of recognizing the complexity of ecstasy as a pharmaceutical composition that contravene the principle of proportionally [sic] in sentencing." (Id. at 3-4.) The Court is not persuaded as Defendant fails to provide any basis in the law to support the argument that his guidelines were calculated incorrectly.

Next, Defendant argues that his medical conditions present extraordinary and compelling circumstances warranting relief. Defendant states he suffers from severe sleep apnea and possesses a CPAP machine to assist in breathing which is "ineffective due to a malfunctioning cord" which has not been replaced. (Id. at 4.) Thus, Defendant argues that the denial of a

4

functioning CPAP machine is a medical circumstance that may justify compassionate release under Amendment 814 of the Sentencing Guidelines. See U.S.S.G. Amend. 814, eff. Nov. 1, 2023; U.S. Sent'g Guidelines Manual § 1B1.13(C) (providing in part that extraordinary and compelling reasons may exist regarding medical circumstances of a defendant when, for example, a defendant is suffering from a medical condition "that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death"). Defendant also argues that he is immunocompromised and faces an elevated risk of developing cryptococcus meningitis due to a kidney transplant in 2016. (Def.'s Mov. Br. at 5-6.) Defendant notes that he is living in a housing unit with birds "which pose an immediate threat" to his life because the presence of birds "along with bird droppings represents a serious bio hazard health concern" as "the fungus responsible for cryptococcus meningitis is often found in bird feces." (Id. at 6.)

Here, Defendant largely repeats the same arguments he made in the four prior motions before this Court, which have all been rejected. The only difference in the present motion is that Defendant argues that his allegedly ineffective CPAP machine and increased risk of contracting cryptococcosis meningitis, specifically due to the presence of bird droppings, constitute extraordinary and compelling circumstances warranting relief. The Court is not persuaded.

First, Defendant has not presented any evidence reflecting that his sleep apnea has not been well-managed while in custody. The medical records in this case indicate that Defendant's sleep apnea has been noted and treated appropriately, and the medical staff at FCI Butner have been providing consistent and appropriate medical care to Defendant. For example, in July 2024, Defendant was given a replacement mask and hose for his CPAP machine due to a hole in his prior machine. Furthermore, despite an evaluation on March 4, 2025 noting Defendant was concerned

his CPAP machine was not working, a general medical examination of Defendant on March 17, 2025 indicated no abnormal findings. Therefore, despite his conclusory statements, Defendant has not proffered any evidence that he is "at risk of serious deterioration in health or death" due to any malfunction in his CPAP machine.

Second, Defendant's emphasis on the presence of bird droppings at FCI Butner does not change this Court's prior findings regarding his ailments and any risks posed by conditions of incarceration. (See D.E. Nos. 65, 94, 105, 113.) In the Court's most recent Opinion dated May 13, 2024, the Court rejected Defendant's argument that the combination of his medical conditions, including cryptococcosis meningitis, and alleged deficient care he was receiving posed a severe enough risk to his health to justify finding extraordinary and compelling circumstances warranting his release from custody. (D.E. No. 113.)

The Court's prior analysis applies here. Defendant has not shown that his place of incarceration constitutes an unsafe environment due to the presence of bird droppings. The medical records indicate that Defendant contracted cryptococcosis meningitis in 2018 and has been prescribed medication ever since, with his most recent refill occurring on March 17, 2025. In short, the medical staff at FCI Butner are aware of Defendant's ailments and are adequately treating him. Defendant has not proffered evidence that an infection would pose a new, disproportionate risk to his health and has not demonstrated that the Bureau of Prisons is unable to adequately care for him while incarcerated. Therefore, Defendant has failed to demonstrate that his conditions of incarceration pose a severe enough risk to his health to justify finding extraordinary and compelling circumstances warranting relief.

Defendant's final argument is that the prolonged isolation experienced during lockdowns at FCI Butner have had a severe mental and emotional effect on his health warranting relief.

(Def.'s Mov. Br. at 7-8.) Defendant states that due to lockdowns at FCI Butner in 2024 and 2025, which "prevented any and all access to essential programming for psychological and emotional support," various in-person rehabilitation services were suspended. (Id. at 7.) Defendant argues that the limited rehabilitative opportunities coupled with "inadequate access to educational and recreation programs created an unforeseen prison environment that surpasses the intention of the judge's sentence." (Id. at 7.)

The Court is sympathetic to Defendant's concerns for his health while in custody. However, Defendant has failed to demonstrate that such concerns provide "extraordinary and compelling" reasons justifying his compassionate release. Indeed, Defendant's experience of strict lockdowns is not a reason that justifies a reduction in sentence. See United States v. Ranalli, 2021 WL 4166293, at *2 (3d Cir. Sept. 14, 2021) (mental health struggles as a result of lockdown were not "extraordinary and compelling reasons" for compassionate release).

The Court incorporates by reference the analysis of the relevant Section 3553(a) factors noted in prior Opinions and concludes that they support Defendant's continued incarceration. Therefore, the Court concludes that Defendant has failed to demonstrate extraordinary and compelling reasons warranting his release pursuant to 18 U.S.C. § 3582(c)(1)(A).

## IV. CONCLUSION

For these reasons, it is on this 7th day of May, 2025, hereby ORDERED that Defendant's motion for a reduction in sentence is DENIED.

                                                                         s/Stanley R. Chesler  
                                                    STANLEY R. CHESLER, U.S.D.J.

Dated: May 7, 2025